FILED & ENTERED

DEC 19 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Williams DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>SUPERIOR NATIONAL INSURANCE<br><br><br><br>Debtor(s).<br><br>The Litigation Trust for the Trust Beneficiaries of SNTL Corporation and Certain Affiliates<br><br>                            Plaintiff(s),<br>   v.<br><br>JP MORGAN CHASE, JP MORGAN CHASE BANK N.A.,<br><br><br>                            Defendant(s). | Case No.: 1:00-bk-14099-GM<br><br>Adv No: 1:13-ap-01099-GM<br><br>Chapter 11<br><br>**MEMORANDUM OF OPINION GRANTING IN PART AND DENYING IN PART DEFENDANTS JPMORGAN CHASE BANK N.A. AND JPMORGAN CHASE & CO.'S MOTION TO DISMISS THE COMPLAINT (Docket #20)**<br><br>Date:  December 6, 2013<br>Time:  10:30 a.m.<br>Courtroom: 303 |

      On August 27, 2013, Defendants JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. (collectively "Chase") brought a motion to dismiss the complaint commencing this adversary proceeding (the "Motion").

1  Plaintiff, the Litigation Trust for the Trust Beneficiaries of SNTL Corporation and
2  Certain Affiliates (the "Trust"), filed an opposition to the Motion (the "Opposition").
3  Chase filed a reply to the Opposition (the "Reply").
4  This matter was heard on December 6, 2013 at 10:00 a.m. in Courtroom 303 (the
5  "Hearing").
6  Having considered the Motion, the Opposition, the Reply, the pleadings filed by
7  the parties in support of the Motion, Opposition and Reply and the oral arguments and
8  demonstrative exhibits submitted by counsel at the Hearing, I find my original tentative
9  ruling to be correct, with one exception as set forth below. (All defined terms used
10 below are as defined in that tentative ruling.) The tentative ruling is set forth as an
11 exhibit hereto.
12 I had tentatively ruled that the Trust had leave to amend Count Five only with
13 respect to the Later Recognized NOLs. However, after listening to the arguments of
14 counsel at the hearing, I will allow the Trust to replead restitution with respect to the
15 time value of the portion of Pre-Effective Date NOL utilization that is ultimately turned
16 around. Plaintiff argued that not all interest on the Pre-Effective NOLS was covered by
17 the Plan: the portion of the tax liability savings that is ultimately offset by the
18 Turnaround Amount is not covered by Plan § 4.1(c) and thus does not bear interest
19 between its utilization and ultimate offset. (For instance, if Chase realizes $100 in tax
20 savings from the NOLs in 2003 and $10 of that will result in tax liability (that will be
21 included in the Turnaround Amount) in 2013, the Distributable NOL Utilization Value is
22 $90 and, under Plan § 4.1(c), Chase will pay interest on that $90. Section 4.1(c) does
23 not cover interest on the remaining $10 for the period between utilization and
24 turnaround.) A reading of Plan § 4.1(c) confirms that interest on NOL utilization that is
25 ultimately turned around is not covered by the Plan.
26 For the reasons set forth above and in my tentative ruling filed in conjunction with
27 this memorandum of opinion,
28 The Motion is **GRANTED** as to Count One without leave to amend.

The Motion is **GRANTED** as to Count Five with leave to amend to a Claim for Restitution with respect only to (i) the Later Recognized NOLs and (ii) the time value of the portion of Pre-Effective Date NOL utilization that is ultimately turned around.

The Motion is **DENIED** as to Counts Two, Three, Four and Six.

###

Date: December 19, 2013

Geraldine Mund
United States Bankruptcy Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): MEMORANDUM OF OPINION GRANTING IN PART AND DENYING IN PART DEFENDANTS JPMORGAN CHASE BANK N.A. AND JPMORGAN CHASE & CO.'S MOTION TO DISMISS THE COMPLAINT (Docket #20) was entered on the date indicated as ⌐Entered¬ on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** B Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of December 13, 2013, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

Craig H Averch    caverch@whitecase.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
Eric D Winston    ericwinston@quinnemanuel.com

☐ Service information continued on attached page

**2. SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

☐ Service information continued on attached page

**3. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an ⌐Entered¬ stamp, the party lodging the judgment or order will serve a complete copy bearing an ⌐Entered¬ stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9021-1.1.NOTICE.ENTERED.ORDER**